IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


DAN L. MARTIN                                                                                       PLAINTIFF

V.                                            CASE NO. 09-4077

CHARLES CAMPBELL, et al.                                                                DEFENDANTS

### MEMORANDUM OPINION

Before the Court is a Motion to Dismiss filed by Defendants Charles Campbell, Peggy Cryer, and Martin Eisele. (Doc. 18). Plaintiff has not responded, and the time for response has passed. The Court finds this matter ripe for consideration.

### I. BACKGROUND

In 2008, the Arkansas Attorney General issued an opinion discussing whether the Arkansas Acupuncture Practices Act (AAPA), which licenses "Doctors of Oriental Medicine," authorizes these individuals to prescribe certain drugs and engage in injection therapy. In the opinion, the Attorney General concluded that the act was too vague and that it required either legislative or judicial clarification. Op. Att'y Gen. 2008-166. During the 2009 session of the 87th General Assembly, the Arkansas legislature passed Act 1461. The act provides that practitioners who are licensed pursuant to the AAPA are prohibited from prescribing legend drugs,[1] from administering injections, and from

---

[1]The term "legend drug" is statutorily defined among the "Public Health and Welfare" provisions of the Arkansas Code:

> (6)(A) "Legend drug" means a drug limited by § 503(b)(1) of the federal Food, Drug, and Cosmetic Act to being dispensed by or upon a medical practitioner's prescription because the drug is
> (i) Habit-forming;
> (ii) Toxic or having potential for harm; or
> (iii) Limited in its use to use under a practitioner's supervision by the new drug application for the drug.

holding themselves out to the public as "doctors" or "physicians." *See* Ark. Code Ann. §§ 17-102-104(c), 312, 313.

Martin, who is licensed under the AAPA, filed this action against three Defendants: 1) Charles Campbell, Executive Director of the Arkansas State Board of Pharmacy, 2) Peggy Cryer, Executive Secretary of the Arkansas State Medical Board, and 3) Martin Eisele, President of the Arkansas State Board of Acupuncture and Related Techniques.[2] Martin alleges that Defendants have encouraged discrimination between classes of commercial speech that resulted in irreparable harm to him, because he is no longer able to give injection therapy. Martin seeks a declaration that Arkansas Legislative Act 1461 "disfavors one form of commercial speech while more favorably treating other similarly situated forms [of] commercial speech, in violation of the Free Speech Clause of the First Amendment of the United States." (Doc. 1, pg. 15). Defendants move this Court to dismiss Plaintiff's complaint for lack of standing to seek relief and for failing to state a claim for which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). After reviewing Defendants' motion, the Court will decide Defendants' Motion to Dismiss on the basis of failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

When analyzing a Rule 12(b)(6) motion, the court must accept the allegations made by the nonmoving party as true and grant every reasonable inference in their favor. *See Strand v.*

---

Ark. Code Ann. § 20-64-503.

[2] Plaintiff originally named Janice Vigh, in her official capacity as President of the Arkansas State Board of Acupuncture and related Techniques, as a defendant in this matter. Ms. Vigh has been succeeded by W. Martin Eisele as President of the Acupuncture Board and substituted by the Court as the board's official defendant in this matter. *See* Doc. 21.

*Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). Motions to dismiss should be granted "as a practical matter … only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). This Court will dismiss a complaint only if the plaintiff has not proffered "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d (2007). Even though all reasonable inferences are resolved in favor of the nonmoving party, the complaint must contain sufficient facts which state a claim as a matter of law and cannot be based on mere legal conclusions. *See Strand*, 380 F.3d at 317.

### III. DISCUSSION

Martin's complaint seeks a declaration that Act 1461 is unreasonably tailored and violates his commercial speech causing him irreparable harm. The relevant Arkansas Code sections state what constitutes a legend drug and that acupuncturists are not permitted to administer an injection of a substance. *See* Ark. Code Ann. §§ 17-102-312, 313. Furthermore, the Act states that acupuncturists are no longer to be referred to as "doctor" or "physician." *See* Ark. Code Ann. § 17-102-104(c).

<u>1)  Ark. Code Ann. § 17-102-312</u>

Martin challenges Ark. Code Ann. § 17-102-312 which prohibits an acupuncturist from administering, prescribing, or dispensing a legend drug as a violation of commercial speech. *See* Ark. Code Ann. § 17-102-312. Prior to the enactment of this statute, it was unclear whether an acupuncturist could prescribe or administer a legend drug. *See* Op. Att'y Gen. 2008-166. Martin claims that this section is "obnoxious" and unconstitutionally favors one form of commercial speech

over another.  (Doc. 1., pg. 11-12).  Martin also claims that the legislature failed to obtain any evidence that would support the passing of the legislation.  (Doc. 1, pg. 12).

The United States Supreme Court has validated the protection of an individual's right to freedom of commercial speech.  *See Central Hudson Gas & Elec. Corp. v. Public Service Commission of New York*, 447 U.S. 557, 561 (1980) (defining commercial speech as an expression that relates solely to the economic interest of the speaker and its audience).  The Supreme Court held that commercial speech is constitutionally protected because it not only serves the interest of the speaker, but also assists consumers by fully informing them of their economic interest.  *See id*. at 561-62.  Furthermore, the Supreme Court held that government does not have complete power to regulate commercial speech because consumers may only serve their best interest through open channels of communications rather than closed ones.  *See id*. at 562.  The Supreme Court developed the following four-part test to determine if the government has unlawfully restricted a person's commercial speech:  1) the court must determine if the expression is protected by the First Amendment, and for commercial speech it must concern lawful activity and not be misleading; 2) the court must determine if the governmental interest is substantial, and if both inquires yield positive answers; 3) the court must determine whether the regulation directly advances the governmental interest asserted; and 4) whether the regulation is more extensive than is necessary to serve the interest.  *See id*. at 566.

Taking all these allegations as true, Martin does not allege how the statute violates his First Amendment right to commercial speech, but instead merely calls the provision "obnoxious."  Ark. Code Ann. § 17-102-312 does not prohibit commercial speech on its face, because the statute only limits an acupuncturists from prescribing, administering, or dispensing legend drugs.  Therefore,

with respect to Martin's first claim, he has failed to state a claim upon which relief may be granted and this section of his complaint should be dismissed.

    2)  <u>Ark. Code Ann. § 17-102-313</u>

Martin challenges Ark. Code Ann. § 17-102-313 claiming that it destroys "the injection modality in the practice [of] acupuncture and related techniques in Arkansas." (Doc. 1, pg. 12); *see also* Ark. Code Ann. § 17-102-313.  Again Martin alleges that the General Assembly passed this piece of legislation without gathering any evidence to support its enactment, and that by allowing the passage of the legislation, the assembly has violated his commercial speech.  Using the Supreme Court's criteria for determining whether the government has limited a person's freedom to commercial speech set out above, Martin has failed to allege how the relevant code section has violated his commercial speech.  Ark. Code Ann. § 17-102-313 states that acupuncturists may no longer administer injection treatments, but does not limit commercial speech because it limits an action and not speech.  Therefore, Martin has failed to state a claim for which relief may be granted and this section of his complaint should be dismissed.

    3)  <u>Ark. Code Ann. § 17-102-104(c)</u>

The Arkansas General Assembly passed legislation that states that an acupuncturist may no longer be referred to as "doctor" or "physician." *See* Ark. Code Ann. § 17-102-104(c).  Martin alleges that this provision violates his constitutionally protected rights of commercial speech.  As addressed earlier, the Supreme Court has held that an individual has a right to protection of their commercial speech and that government may not unreasonable restrict that speech. *See Central Hudson*, 447 U.S. at 561-62.  The Supreme Court has held "that restrictions on nonmisleading commercial speech regarding lawful activity must withstand intermediate scrutiny — that is, they

must 'directly advanc[e]' a substantial governmental interest and be 'no more extensive than is necessary to serve that interest.'" *Milavetz, Gallop & Milavetz, P.A. v. United States*, Nos. 08-1119, 08-1225, 2010 WL 757616, at *11 (S. Ct. March 8, 2010) (quoting *Central Hudson*, 447 U.S. at 566)). However, government may ban forms of commercial speech that tend to deceive the public rather than inform it. *See Central Hudson*, 447 U.S. at 563 (citing *Friedman v. Rogers*, 440 U.S. 1, 13, 15-16 (1979)).

Using the criteria stated earlier, the Court's first analysis will be to determine if Martin has a First Amendment right to call himself a "doctor" or "physician." The Court must determine whether the term "doctor" or "physician" carries a certain connotation that the person bearing the title has received medical training from an accredited institution as well as adequate experience in their field of expertise.

Arkansas requires an acupuncturist to take a national test administered by the National Commission for the Certification of Acupuncturists to receive a license to practice within the state. *See* Ark. Code Ann. § 17-102-302, *et seq.*; *see also Otte v. Arkansas State Bd. of Acupuncture and Related Techniques*, 206 S.W.3d 225, 226 (Ark. 2005). However, in order to become a medical doctor in Arkansas one must be above the age of 21, of good moral character, a graduate of a accredited medical school, must have served three years in an accredited postgraduate medical education program, and successfully passed an examination approved by the Arkansas State Medical Board. *See* Ark. Code Ann. § 17-95-403(b). Several states have held that acupuncture constituents the practice of medicine. *See*, *e.g.*, *State v. Rich*, 339 N.E.2d 630 (Ohio 1975); *State v. Won*, 528 P.2d 594 (Or. App. 1974); *People v. Amber*, 349 N.Y.S.2d 604 (N.Y. Sup. Ct. 1973). However, in passing Ark. Code Ann. § 17-102-104(c), it seems the Arkansas legislature was concerned that

members of the public believed that acupuncturists were receiving training similar to a medical doctor. *See* Ark. Code Ann. § 17-95-403(b). Since all that is required to receive an acupuncturist license in Arkansas is to pass a national exam, the legislature wanted to make sure that the connotation that went with being called a "doctor" did not follow a person who merely passed a licensing exam without any additional educational or experience requirements. *See* Ark. Code Ann. § 17-102-302; *see also* Ark. Code Ann. § 17-80-107 (stating that the term "physician" shall mean a person licensed by the Arkansas State Medical Board, the Arkansas Board of Chiropractic Examiners, or the Arkansas Board of Podiatric Medicine). Therefore, the Arkansas Code provision was created to correct any confusion that was taking place with the use of the reference of "doctor" when referring to acupuncturists. The Supreme Court has held that government may limit commercial speech that is misleading, thus Martin has failed to state a claim for which relief may be granted. *See Friedman v. Rogers*, 440 U.S. at 15-16.[3]

### IV. CONCLUSION

For the reasons discussed herein, the Court finds that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) should be and hereby is **GRANTED**. Furthermore, the case against all Defendants is hereby **DISMISSED**. An order of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, this 23rd day of April, 2010.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[3] Because the Court has dismissed the case for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), it will not discuss Defendants' Motion to Dismiss for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1).